**No. 60205.**—J. M. Altieri *v.* United States, protest 217157–K (San Juan, P. R.).

DONLON, Judge: Plaintiff is a customhouse broker. He filed with the collector at San Juan, P. R., a letter, dated November 1, 1953, complaining of the collector's demand that plaintiff repay $51.12, stated to have been erroneously refunded by the collector to plaintiff as excess storage charges collected in connection with merchandise imported under two entries, No. 4484, April 13, 1953, and No. 01076, of April 17, 1953. The merchandise had been stored in general order warehouse.

The collector treated plaintiff's letter as a protest under section 514 of the Tariff Act of 1930 and transmitted the letter to the court under section 515.

The official papers transmitted with the protest include entries No. 4484, April 13, 1953, and No. 01076, April 17, 1953, as well as correspondence between the collector and plaintiff and between the collector and the Bureau of Customs, Washington, D. C.

On trial, plaintiff appeared without counsel and testified in his own behalf. His brief testimony substantially confirms the official papers and correspondence. Plaintiff submitted, and defendant then moved to dismiss the protest on the ground that plaintiff "is not seeking to recover anything; he is seeking to stop the Government from asking him for money." (P. 5.)

Section 514 does not authorize protest as a remedy against a collector's demand for repayment of refunds alleged to have been erroneously made. While not identical as to facts, the decision of our appeals court in *Scherk Importing Co.* v. *United States*, 17 C. C. P. A. (Customs) 135, T. D. 43470, is in point. It is not necessary for us here to decide whether the facts do or do not support the collector's demand. We hold only that his demand does not give rise to a right in plaintiff to protest against the demand under section 514. Defendant's motion to dismiss the protest is granted.